IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY
CAMDEN VICINAGE

_____
                                    :
DUJUAN T. FAVORS,                   :
                                    :
                   Plaintiff,       :       Civil No. 16-8347-(RBK/KMW)
                                    :
           v.                       :       **OPINION**
                                    :
SHARI AUGHTRY,                      :
                                    :
                   Defendant.       :
_____ :

**KUGLER**, United States District Judge:

This matter comes before the Court upon Defendant's Omnibus Motion to Vacate Default, to Substitute the United States, and to Dismiss the Complaint for Lack of Subject Matter Jurisdiction (Doc. No. 6). For the reasons stated herein, Defendant's Motion is **GRANTED**.

**I.  FACTUAL BACKGROUND AND PROCEDURAL HISTORY**

This case concerns defamation and employment discrimination based on gender that Plaintiff allegedly experienced while employed by the Department of Veterans Affairs in Philadelphia. The State Court Complaint does not provide details as to when this discrimination and defamation allegedly took place, nor does it explain how Defendant was involved other than she "inten[ded to] defame me to my employers." Notice of Removal, Ex. B. (Doc. No. 1-2). Defendant explains that she was "a supervisor in Plaintiff's chain of command when he worked at the Department of Veterans Affairs, Corporal Michael J. Crescenz Veterans Affairs Medical Center in Philadelphia, PA." Defs. Br. at 1 (Doc. No. 6-1).

Plaintiff filed the instant Complaint on April 23, 2015 in the New Jersey Superior Court, Special Civil Part, Camden County. Notice of Removal. The case was transferred to the New Jersey Superior Court, Law Division on or around August 14, 2015. *Id.* Plaintiff moved for entry of default against Defendant because she did not respond to the complaint, though the state court did not enter judgment against her. *Id.* Defendant removed the case to this Court on November 7, 2016. *Id.* Defendant filed the instant Motion to Dismiss for Lack of Jurisdiction, to Vacate State Court Default, and to Substitute the United States for Defendant Shari Aughtry on November 29, 2016. (Doc. No. 6). Plaintiff has not responded to Defendant's motion.

## II. LEGAL STANDARD

Federal Rule of Civil Procedure 12(b)(6) allows a court to dismiss an action for failure to state a claim upon which relief can be granted. When evaluating a motion to dismiss, "courts accept all factual allegations as true, construe the complaint in the light most favorable to the plaintiff, and determine whether, under any reasonable reading of the complaint, the plaintiff may be entitled to relief." *Fowler v. UPMC Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009) (quoting *Phillips*, 515 F.3d at 233). In other words, a complaint is sufficient if it contains enough factual matter, accepted as true, to "state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). It is not for courts to decide at this point whether the moving party will succeed on the merits, but "whether they should be afforded an opportunity to offer evidence in support of their claims." *In re Rockefeller Ctr. Props., Inc.*, 311 F.3d 198, 215 (3d Cir. 2002). Yet, while "detailed factual allegations" are unnecessary, a "plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of

the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555 (alteration in original) (citations omitted).

To make this determination, a court conducts a three-part analysis. *Santiago v. Warminster Twp.*, 629 F.3d 121, 130 (3d Cir. 2010). First, the court must "tak[e] note of the elements a plaintiff must plead to state a claim." *Id.* (quoting *Iqbal*, 556 U.S. at 675). Second, the court should identify allegations that, "because they are no more than conclusions, are not entitled to the assumption of truth." *Id.* (quoting *Iqbal*, 556 U.S. at 680). Finally, "where there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement for relief." *Id.* (quoting *Iqbal*, 556 U.S. at 680). This plausibility determination is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Iqbal*, 556 U.S. at 679. A complaint cannot survive where a court can infer only that a claim is merely possible rather than plausible. *Id.*

The standard used to set aside an entry of default under Rule 55(c) is "good cause" and looks to the factors used when determining whether to enter default judgment under Rule 55(b). *See United States v. $55,518.05 in U.S. Currency*, 728 F.2d 192, 195 (3d Cir. 1984). When seeking to set aside an entry of default or an entry of default judgment, the Court must consider three factors: "(1) prejudice to the plaintiff if default is denied; (2) whether the defendant appears to have a litigable defense; and (3) whether defendant's delay is due to culpable conduct." *Chamberlain v. Giampapa*, 210 F.3d 154, 164 (3d Cir. 2000) (citing *$55,518 in U.S. Currency*, 728 F.2d at 195). For a defendant's default to result from culpable conduct, it must be the product of "willfulness" or "bad faith," and requires "more than mere negligence." *Hritz v. Woma Corp.*, 732 F.2d 1178, 1182-83 (3d Cir. 1984).

**III. DISCUSSION AND ANALYSIS**

    **A. Motion to Vacate State Court Default and Substitute the United States**

As an initial matter, the Court grants Defendant's request to substitute the United States for Shari Aughtry. Defendant correctly notes that 28 U.S.C. section 2679(d) states that any action against a federal employee shall be deemed an action against the United States upon the certification of the Attorney General that the defendant was acting within the scope of their employment at the time the alleged tortious conduct occurred. Def.'s Br. at 9. Upon such certification, the "United States shall be substituted as the party defendant." *Id.* (citing 28 U.S.C. § 2679(d)(2). The Chief of the Civil Division of the United States Attorney's Office for the District of New Jersey certified that Defendant Aughtry was acting within the scope of her employment as a federal employee at the time of the conduct alleged in the Complaint at the time the case was removed to this Court. *See* Sadlowski Cert. (Doc. No. 1-3). Accordingly, the United States is hereby substituted as the Defendant for Plaintiff's defamation claim.

The three-factor standard weighs in favor of vacating the New Jersey Superior Court's entry of default against Defendant Shari Aughtry. First, Plaintiff will not be prejudiced if default judgment is not granted against Aughtry because Aughtry is not the proper defendant for the defamation claim and because Plaintiff's discrimination claim will be dismissed due to procedural issues discussed below. Second, Defendant has responded with two litigable defenses: 1) Defendant Aughtry is not a proper defendant for Plaintiff's defamation claim; and 2) Plaintiff's employment discrimination claim is barred by res judicata. Third, Defendant details that Plaintiff failed to properly serve Defendant as a federal employee. *See* Def.'s Br. at 8-9. Failure to respond to the complaint when Defendant has not been properly served is not culpable conduct. Therefore, all three factors weigh in favor of vacating the New Jersey Superior Court's

entry of default against Defendant Aughtry. Accordingly, the Court grants Defendant's motion to vacate the state court default.

**B. Defamation**

The United States raises several arguments in favor of dismissing Plaintiff's defamation claim. The Court will only address the sovereign immunity argument. Defendant notes that the Federal Tort Claims Act ("FTCA") (which provides a general waiver of sovereign immunity against the United States of America for claims in tort) specifically excepts "[a]ny claim arising out of . . . libel, slander, [or] misrepresentation . . . ." *See* Def.'s Br. at 14-15 (citing 28 U.S.C. § 2680(h)). Defendant then states that the Third Circuit has held that FTCA bars claims against the United States for defamation even though FTCA does not specifically name "defamation." Def.'s Br. at 15 (citing *Brumfield v. Sanders*, 232 F.3d 376, 382 (3d Cir. 2000)). The Court agrees with Defendant's characterization of the law. Therefore, this Court lacks subject matter jurisdiction over Plaintiff's defamation claim because the United States has not waived sovereign immunity for this type of claim. Accordingly, Plaintiff's defamation claim is dismissed with prejudice.

**C. Gender Discrimination**

Defendant also raises several arguments as to why Plaintiff's claim for gender discrimination should be dismissed. Defendant's first argument is that Plaintiff has already litigated a discrimination claim related to his VA employment in the Eastern District of Pennsylvania and the claim is therefore barred by the doctrine of res judicata. Def.'s Br. at 11-12. The defense of res judicata, or claim preclusion, "may be raised and adjudicated on a motion to dismiss and the court can take judicial notice of all facts necessary for the decision." *Toscano v. Conn. Gen. Life Ins. Co.*, 288 F. App'x 36, 38 (3d Cir. 2008) (per curiam). Thus, "a court may

5

take judicial notice of the record from a previous court proceeding between the parties." *Id.* However, the defendant still has the burden of proving that res judicata applies. *See id.*

Res judicata, or claim preclusion, bars a subsequent suit where there has been: "(1) a final judgment on the merits in a prior suit involving (2) the same claim and (3) the same parties or their privies." *E.E.O.C. v. U.S. Steel Corp.*, 921 F.2d 489, 493 (3d Cir. 1990). "The doctrine of res judicata bars not only claims that were brought in a previous action, but also claims that could have been brought." *Marmon Coal Co. v. Dir., Office of Workers' Comp. Programs*, 726 F.3d 387, 394 (3d Cir. 2013) (internal citations omitted). Res judicata "encourages reliance on judicial decisions, bars vexatious litigation, and frees the courts to resolve other disputes." *Brown v. Felsen*, 442 U.S. 127, 131 (1979). Determining whether a subsequent suit involves the same claim "does not depend on the specific legal theory invoked, but rather the essential similarity of the underlying events giving rise to the various legal claims." *Elkadrawy v. Vanguard Grp., Inc.*, 584 F.3d 169, 173 (3d Cir. 2009) (internal citations omitted).

The Court takes judicial notice that Plaintiff filed a complaint in the United States District Court for the Eastern District of Pennsylvania on October 27, 2014. *See* Complaint, *Favors v. McDonald*, No. 14-6159 (E.D. Pa. Oct. 27, 2014); Taylor Decl., Ex. A (Doc. No. 6-4). Plaintiff thrice amended his complaint. The Third Amended Complaint alleged that the Defendants (Robert McDonald, the Secretary of the Department of Veterans Affairs and Joseph Dalpiaz, the Regional Director of the Department of Veterans Affairs) discriminated against him on the basis of *race* in terminating Plaintiff's employment. Third Amended Complaint, *Favors v. McDonald*, No. 14-6159 (E.D. Pa. Jan. 30, 2015); Taylor Decl., Ex. A. Judge Robreno dismissed Plaintiff's Third Amended Complaint on May 27, 2015. May 27, 2015 Order, *Favors v. McDonald*, No. 14-6159 (E.D. Pa. May 27, 2015) (Doc. No. 19). Judge Robreno later denied Plaintiff's motions for

reconsideration and "conclude[d] that dismissal was proper for the reasons set forth in Defendants' Motion to Dismiss the Third Amended Complaint." June 23, 2015 Order, at 1 n.1, *Favors v. McDonald*, No. 14-6159 (E.D. Pa. June 23, 2015) (Doc. No. 30).

The Court finds that all three res judicata factors are present based on the above-mentioned litigation in the Eastern District of Pennsylvania. Judge Robreno's May 27, 2015 and June 23, 2015 Orders constitute final judgments on the merits of Plaintiff's case. The June 23 Order specifically incorporates the reasons set forth in the Defendants' motion to dismiss as the basis for dismissal. This represents a final judgment on the merits.

Second, Plaintiff's claim in the Eastern District of Pennsylvania is the same claim present in the instant case. Despite the fact that Plaintiff is now claiming to have been discriminated against on the basis of gender, rather than race, it is plain that both claims arise from the same underlying event. *See Elkadrawy*, 584 F.3d at 173. Res judicata applies to the instant claim because Plaintiff *could have* raised an allegation of gender discrimination in the Eastern District of Pennsylvania. *See Marmon Coal Co.*, 726 F.3d at 394.

Finally, the instant complaint involves the same parties or their privies. Plaintiff's complaint in the Eastern District of Pennsylvania was lodged against the Secretary of the Department of Veterans Affairs and the Regional Director for the Department of Veterans Affairs for the region in which Plaintiff worked. Plaintiff's instant complaint is lodged against one of his supervisors at the Department of Veterans Affairs who worked under both of the previous defendants. Defendant Aughtry is therefore a privy of the defendants in Plaintiff's dismissed case in the Eastern District of Pennsylvania. Therefore, the Court finds that the doctrine of res judicata bars Plaintiff's discrimination claim. Accordingly, Plaintiff's discrimination claim is dismissed with prejudice.

## IV. CONCLUSION

For the reasons expressed above, Defendant's Motion to Vacate Default, to Substitute the United States, and to Dismiss the Complaint for Lack of Subject Matter Jurisdiction is **GRANTED**.

Dated: 07/31/2017

s/ Robert B. Kugler
ROBERT B. KUGLER
United State District Judge